UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESSEY F REED,

            Petitioner,

v.

PATRICK GLEBE,

            Respondent.

CASE NO. C15-5063 RBL-JRC

ORDER TO SHOW CAUSE

      The District Court referred this petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura. The referral is made pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

      Petitioner is challenging the validity of a 1998 judgment and sentence on a guilty plea (Dkt. 7). Petitioner filed a personal restraint petition in 2013 (Dkt. 7, p. 3). The Washington State Court of Appeals dismissed the petition as time barred under state law (Dkt. 8-3 pp. 2-4).

      Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final. In this case that would have been the date of sentencing, January 20, 1998 (Dkt. 7, p. 1). The Court has no documents before it showing that petitioner filed anything that would have tolled the running of the statute of limitations prior to its expiration on January 21. 1999. Thus, petitioner's habeas corpus petition is untimely.

The Court orders petitioner to show cause why this petition should not be dismissed prior to service. Petitioner must file a response to this order on or before April 24, 2015 or the Court will recommend dismissal of this petition. After consideration of petitioner's response, the Court will take further action.

Dated this 13th day of March, 2015.

                                            */s/ J. Richard Creatura*
                                            J. Richard Creatura
                                            United States Magistrate Judge